LEWIS, SNAPP & Co. v. THATCHER & Co., and LEWIS, SNAPP & Co. v. T. M. GILMER.

Persons having privileged claims on a steamboat or other property, under the allegation that it is all the property the debtor has from which to satisfy his debts have the right to require the proceeds of sale brought into Court to be distributed among all the creditors, according to their respective privileges.

APPEAL from the District Court, Parish of Caddo, *Weems*, J.

The facts are stated in the opinion of the Court.

HYMAN, C. J. Plaintiff, who trades, as he alleges, under the name of

Lewis, Snapp & Co., filed his petition in the District Court, Parish of Caddo, and alleged therein that Tarbell and Jacobs, were the owners of the steamboat Wm. A. A. Douglass; that they were indebted to him for $4,939, with interest, as evidenced by four notes of hand; that the consideration of these notes was the sale of his interest in the boat to them, and that, to secure the payment of the notes, he had the vendor's privilege on the boat, and prayed judgment against them for said sum and interest, and that his privilege be recognized and enforced.

He further alleged, that John Thatcher, styling himself Thatcher & Co., had instituted suit against said Tarbell & Jacobs, as owners of the boat, upon a note purporting to be given for supplies furnished and money advanced for the use of the boat, and had sued out a writ of provisional seizure, under which the boat was seized. That, subsequently thereto, Thatcher had obtained judgment against Tarbell & Jacobs, and that a privilege on the boat had been decreed to him, in the judgment, and had caused a writ of sale to be issued, directed to the sheriff of the Parish of Caddo, ordering him to seize and sell the boat, and that the sheriff had seized and was proceeding to sell the boat under the writ.

He further alleged that all the proceedings of Thatcher were done to defraud him (Snapp), and that the boat seized was all the property Tarbell and Jacobs owned to pay their debts.

He prayed that the judgment in favor of Thatcher be declared null; that the sheriff be enjoined from paying the claim of Thatcher out of the proceeds arising from the sale of the boat, and ordered to retain the proceeds, subject to the order of the Court. He further prayed for general relief.

The order of Court was granted, as prayed for.

Shaw and Zunts filed an intervention, and claimed that they were entitled to the proceeds of the sale of the boat, because of their being privileged creditors of Tarbell & Jacobs.

The District Judge decreed that there be judgment in favor of Thatcher, judgment of nonsuit against plaintiff as to Tarbell and Jacobs, and that Shaw & Zuntz be non-suited.

From this judgment plaintiff has appealed.

The plaintiff had the right, under Article 301 of the Code of Practice, to enjoin the sheriff from paying the claim of Thatcher out of the proceeds of the sale of the boat, seized under his allegations that it was all the property owned by Tarbell & Jacobs to pay their debts ; and to require the proceeds of the sale to be brought into Court, to be distributed among all their creditors, according to the order of their respective privilege, or by hypothecation.

The transcript does not inform us what is the amount of proceeds derived from the sale of the boat ; and no distribution can be satisfactorily made before this amount is known to the Court.

Plaintiff also filed suit against T. M. Gilmer, for like cause of action

as that brought against Thatcher, set forth like allegations, and prayed for like order.

A similar judgment was rendered in favor of Gilmer as that rendered in favor of Thatcher. The plaintiff also appealed from that judgment, and the same transcript contains the two suits, the evidence in both suits being the same.

It is ordered, adjudged and decreed, that the judgments in the above-named cases be reversed, and that the cases be remanded to the District Court, to be proceeded with according to law; appellees to pay costs of appeal.